## Richmond

ROGER DALE McCREADY v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record No. 7670.

Present, All the Justices.

*Joseph P. Johnson, Jr. (Charles H. Smith, Jr.; Johnson & Smith,* on brief), for plaintiff in error.

*Robert L. Simpson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The question in this contempt proceeding is whether the Fifth Amendment guarantee against self-incrimination gave defendant Roger Dale McCready the right to refuse to testify.

On December 30, 1969, McCready, Johnny Farmer and Jim Farmer, and others were involved in a fray. On that night McCready obtained a warrant for the arrest of Johnny Farmer and Jim Farmer for felonious assault during the fray. Shortly thereafter, the Farmers obtained a warrant for the arrest of McCready for felonious assault during the fray.

McCready and the Farmers testified at preliminary hearings and before a grand jury, which returned indictments against all three. The

Farmers were tried in the Circuit Court of Washington County on February 5, 1970, before McCready was tried.

McCready was called as a witness for the prosecution at the Farmers' trial. On advice of counsel, McCready asserted his Fifth Amendment privilege but was required by the court to say who was with him and that he saw the Farmers before the fray.

He was then asked: "Mr. McCready, tell the Court what happened then after you saw the defendants." On advice of counsel, McCready refused to answer on the ground that an answer might tend to incriminate him. The court then found McCready guilty of contempt and fixed his punishment at a fine of $50 and 10 days in jail. This appeal ensued.

At oral argument, the Attorney General relied exclusively on the following statement in *Temple* v. *Commonwealth*, 75 Va. 892, 899 (1881):

> "[W]herever a party on oath declares that the answer to the question propounded to him will criminate himself, the court must accept that answer as true, and as making a *prima facie* case in which the witness must be excused, unless there is something in the circumstances of the particular case which makes it appear either that the witness contumaciously refuses to answer, or where it appears that from all the circumstances he is clearly mistaken as to any possibility of his future prosecution. The witness ought not in any case be compelled to answer after declaring on oath that such answer may criminate himself, especially after he has taken the advice of counsel, unless it clearly appears to the court that he is mistaken."

The Attorney General argues that the trial court could infer contumacious refusal to testify from the fact that McCready had first refused to say who was with him and to admit that he saw the Farmers before the fray and had refused to answer the last question put to him. And the Attorney General argues that the fact that McCready had testified at preliminary hearings and before the grand jury, though not operating to waive his Fifth Amendment privilege at the Farmers' trial, negated any fear of self-incrimination by testifying at the Farmers' trial.

We disagree. It is apparent from the circumstances of this case that McCready might have incriminated himself if forced to testify about the events of a fray that gave rise to the indictment against him. The

Fifth Amendment privilege having been properly invoked, McCready could not be punished for refusal to testify. We therefore reverse his conviction of contempt.

*Reversed and final judgment.*